1837.

WHITLOCK
*v.*
FISKE.

---

### WHITLOCK *v.* FISKE and others.

Where a deed is set up in a plea, it is not sufficient to say, it was " executed in due form of law :" *delivery* and acceptance also must be averred.

BILL of foreclosure. The defendant, Samuel C. Fiske, who was the mortgagor, had assigned the equity of redemption upon certain trusts. His assignees were not made parties; and in taking advantage of this by a plea, he said that he executed the assignment in due form of law and for a sufficient consideration.

July 12, 1837.

*Pleading.*
*Plea.*
*Deed.*

Mr. *Ellingwood*, in support of the plea.

Mr. *Brinckerhoff*, contra.

1837.

DORR
v.
PETERS.

Sept. 12.

THE VICE-CHANCELLOR :—This plea is defective in sub-stance, in not averring delivery of the assignment and accept-ance of the trusts and conditions of it by the assignees, and that they have become vested with the equity of redemption. of the mortgaged premises. To say that the defendant " ex-ecuted, in due form of law and for a sufficient legal considera-tion, &c." is not enough. It may be true and still the as-signees have no claim or interest in the property, for want of delivery of the deed or acceptance of the trust. The aver-ments of the plea must be clear and precise, and such as are necessary to avoid all ambiguity of meaning and exclude all intendments ; since it is a rule of construction that the lan-guage used is to be taken most strongly against the pleader. If we allow the averments to be true, but, at the same time, a case may be supposed consistent with it, which would render the averment inoperative as a full defence, such case will be presumed or intended, unless excluded by particular averments : Lube, 342, 343. This principle of pleading applies to the pre-sent case ; and shows the plea to be defective.

Order accordingly, overruling the plea, with costs.